CAMPBELL *v.* THE FRANK GILMORE.

(*District Court, W. D. Pennsylvania.* July 19, 1890.)

SHIPPING—LIABILITY OF OWNER—INJURY TO EMPLOYE.

The libelant, a deck-hand, while at work on a steam-boat, accidentally fell and injured his leg. The steward examined the limb, and thought the hurt was not serious, and applied simple remedies. All the officers of the boat supposed it was a sprain. Two days afterwards the boat reached Cincinnati. The libelant did not ask to be sent to the marine hospital there, nor for a surgeon. On the up-trip, by orders, he did some light work, but without compulsion. Eleven days after the accident he entered the marine hospital at Pittsburgh, and it turned out that he had sustained a partial lateral dislocation of the knee-joint, and he is likely to be permanently disabled. There was evidence that he did not receive proper attention at the hospital. *Held*, that he had no cause of action against the owners of the boat.

In Admiralty.

*S. A. Will* and *Charles A. Sullivan*, for libelant.

*Knox & Reed*, for respondents.

ACHESON, J. After the most careful consideration of the proofs, I am not able to see that the owners of the tow-boat Frank Gilmore are justly answerable in damages to the libelant. Certainly the accident which befell the libelant was not caused by any fault attributable to them, and on that score the libelant has not the shadow of a case against the respondents. Neither are they at all responsible for the treatment which the libelant's injured leg received at the marine hospital. Was there, then, any wrongful act or culpable negligence on the part of the officers or owners of the boat between the time of the accident on July 6th and the libelant's entrance into the hospital on July 17th, upon which a re-

covery in this suit could be rightfully based?  I think not.  Undoubtedly, very soon after the accident the fact came to the knowledge of the master and mate of the boat, although, under all the evidence, it is by no means clear that the libelant himself gave them the information, or made any special complaint to either of them as to his condition.  It appears, however, that the steward of the boat looked after the libelant, and I think it is satisfactorily shown that he gave the libelant reasonable attention.  The steward examined the injured leg, and his judgment was that the injury was not at all serious, and simple remedies were applied with beneficial results.  All the officers believed that the hurt was nothing but a simple sprain.  True, when the marine surgeon at Pittsburgh came to examine the libelant's leg, he found that he had sustained a partial lateral dislocation of the knee-joint,—but this was not apparent to unprofessional persons, and the officers of the boat had no reason to suspect that the accident was so serious.  The libelant's own conduct at the time indicated that he did not regard the injury as a serious affair. In about two days after the accident the boat reached Cincinnati, where there was a marine hospital, which the libelant could have entered for treatment free of charge, yet he did not ask to be sent there, nor did he request the services of a surgeon.  The only thing he asked for at Cincinnati was a bottle of arnica to apply to his leg, and this the steward procured.  Now, the libelant was a man of mature age, of considerable experience, and of at least average intelligence, and, if he did not understand the serious nature of his injury, how can fault fairly be imputed to the officers for their want of knowledge as to the gravity of the case? As to whether the libelant was relieved altogether from work during the remainder of the trip to Cincinnati, after he was hurt, the testimony is conflicting, but I think the weight of the evidence upon this point is with the respondents.  It is conceded that for two days on the return trip from Cincinnati the libelant was wholly off duty.  During the rest of the trip up he did some work, but it was light work, at least in the main.  I am not convinced that he was constrained to do any work. When the trip to Pittsburgh was completed the libelant left the boat without requesting to be sent to the marine hospital.  He was in liquor the next day when he applied to Mr. Jenkins, and the latter did not know him.  I think the respondents were not to blame for the delay in the libelant's entrance into the hospital after his arrival at Pittsburgh. And upon the whole I am of the opinion that the libelant has failed to establish any good cause of action against the tow-boat or her owners, and therefore the libel must be dismissed.