## THE FRANCE.

### NATIONAL STEAMSHIP CO., Limited, v. McDONALD.

(Circuit Court of Appeals, Second Circuit. January 12, 1894.)

### No. 34.

SHIPPING—NEGLIGENCE—DEFECTIVE FITTINGS.
  The mere fact of the breaking of the handle of an ash bag, which is being hoisted full from the hold, does not show that the bag was insufficient, when it appears that it was a new one, in which no defect had been noticed by the storekeeper or those using it; that it had been filled and emptied several times; that the hook was attached to only one handle, which was slipped through the other; and that the break occurred at the instant of a violent jerk occasioned by the slipping of the chain from the drum of the winch. 53 Fed. 843, reversed.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by William McDonald against the steamship France, (the National Steamship Company, Limited, claimant,) to recover damages for personal injuries. Decree for libelant. 53 Fed. 843. Claimant appeals. Reversed.

John Chetwood, for appellant.
J. A. Hyland, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The libelant, a fireman in the service of the steamship, was severely injured while assisting in the removal of ashes from the vessel. The steamship, at the time, was lying alongside her dock in the port of New York, and the ashes were being removed from her stokehole in canvas bags, which were filled in the stokehole, and then hoisted by a chain and winch to the main deck, whence they were carried by hand to carts stationed on the dock, and their contents discharged. The libelant and two other men were assigned the duty of filling the bags and hooking them to the chain. One of the bags, after it had been filled, weighing about 120 pounds, and while it was being hoisted by the winch, fell a distance of about 25 feet, and struck the libelant. It was found that the rope handle by which the bag had been attached to the hook had parted.

The question for decision is whether the steamship was in fault for providing an unsafe appliance for the work which the libelant was required to do. The district court condemned the steamship upon the theory that the bag was not sufficiently strong for safe use. While there is evidence in the record which tends to show that the accident was caused by the negligence of some of the fellow servants of the libelant, there is none upon which negligence can be imputed to the steamship, aside from that which relates to the sufficiency of the bag.

An employer does not undertake absolutely with his employes for the sufficiency or safety of the appliances furnished for their work. He does undertake to use all reasonable care and prudence to provide them with appliances reasonably safe and suitable. His obligation towards them is satisfied by the exercise of a reasonable diligence in this behalf. Before he can be made responsible for an injury to an employe inflicted by an appliance adequate and suitable, ordinarily, for the work to be performed with it, there must be satisfactory evidence that it was defective at the time, and that he knew, or ought to have known, of the defect. The decision in the court below proceeded upon the ground that negligence was to be presumed from the circumstances of the accident. In his opinion the learned judge said:

"The evidence does not show anything out of the usual course that should cause the handle of the ash bag to break while it was hoisting up. Its weak and insufficient condition must be inferred from its breaking under such circumstances. I cannot regard the general testimony that the bag was sound and sufficient as overcoming that fact."

The presumption of negligence is often raised by the circumstances of an accident, and it may be a legitimate presumption that an appliance which gives out while it is being used for its proper purpose, in a careful manner, is defective or unfit. How far that presumption may go, in an action by an employe against an employer, to shift the burden of proof from the former to the latter, must depend upon the circumstances of the particular case. The mere fact that the appliance is shown to have been defective is not enough to do so; it must appear that the defect was an obvious one, or such as to be discoverable by the exercise of reasonable care. In

the present case we think the circumstances of the accident do not show that the bag gave way because it was not reasonably adequate for the occasion, but they show that it gave way because a violent and unnecessary strain was put upon it. The bag was a comparatively new one, made expressly for an ash bag, and of the kind customarily used as it was being used when the accident took place. It had been bought in London on the previous voyage of the steamship and was being used interchangeably with several other similar, but older, bags, which were apparently sufficiently strong. It had been filled and emptied several times, as had the others, immediately before it fell. The storekeeper, who had the custody of the ash bags, had not observed any defect in it. Neither had any of the others of those in the employ of the steamship whose duty it was to supply, or repair, or use the ash bags. The bag had two handles, and, on the occasion in question, was fastened to the chain by passing one handle through the other, and hooking that handle to the chain. There was no reason why the hook should not have been passed through both handles. The evidence is that this was frequently, if not generally, done. Hooked as it was, the whole strain fell upon one handle, instead of being distributed between both. While the bag was being hoisted, the chain slipped off the drum of the winch, jerking the bag violently, and the handle gave way. In view of its apparently sound condition before the accident, we cannot assume that it would have given way if it had been fastened to the hook so that the strain would have come upon both handles instead of one, or even that it would have given way fastened as it was, except for the slipping of the chain. The evidence does not show how the chain happened to slip, and we are left wholly to conjecture whether those in charge of the hoisting apparatus were negligent. If they were, as they were fellow servants of the libelant, their negligence cannot afford him a ground of recovery against the steamship. We are satisfied that there was no negligence on the part of the steamship, and that the accident to the libelant was not a culpable one, or, if it was a culpable one, was caused by carelessness which cannot be attributed to the vessel.

The decree is reversed, with instructions to the district court to dismiss the libel, with costs.