STORGARD v. FRANCE & CANADA S. S. CORPORATION. *

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 101.

1. APPEAL AND ERROR ⬥=1170(1)—REQUIREMENT TO DISREGARD TECHNICAL ERRORS.

The purpose of amendment of Judicial Code, § 269, by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), providing that appellate courts shall give judgment after examination of the entire record without regard to technical errors, defects, or exceptions which do not affect substantial rights of the parties, is to prevent reversal of judgments because of technical errors which, though properly presented, do not affect substantial rights, and it does not require the court to decide on the whole record whether exceptions were taken or not, or to overlook defects due to negligence, ignorance, or inadvertence.

2. SEAMEN ⬥=29(4)—CONTRIBUTORY NEGLIGENCE NO DEFENSE TO ACTION FOR INJURY.

In suits by seamen, whether in the admiralty or in courts of common law, contributory negligence does not defeat their right to recover indemnity for injury, if otherwise entitled to it, though it is an element which may be considered in determining what the amount of indemnity should be.

3. SEAMEN ⬥=29(2)—IT IS OWNER'S DUTY TO MAINTAIN SAFE APPLIANCE FOR SEAMEN'S USE.

It is the duty of a shipowner to furnish and maintain equipment and appliances for use of seamen free from defects known or which should be known, and it is not a defense to an action for injury to a seaman from a defective appliance that the particular manner of injury might not reasonably have been anticipated.

4. SEAMEN ⬥=29(2)—HIGH DEGREE OF CARE AS TO TOOLS AND APPLIANCES REQUIRED OF EMPLOYER.

A much higher degree of care as to tools and appliances is required of employers of seamen than of employers of shore servants, who may at any time withdraw from service and refuse to use tools and appliances which they think dangerous.

In Error to the District Court of the United States for the Southern District of New York.

Action by Konrad Storgard against the France & Canada Steamship Corporation. Judgment for defendant, and plaintiff brings error. Reversed.

Silas B. Axtell, of New York City (Vernon S. Jones, of New York City, of counsel), for plaintiff in error.

B. L. Pettigrew, of New York City (W. L. Glenney, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

⁂Certiorari denied 252 U. S. —, 40 Sup. Ct. 394, 64 L. Ed. —.

263 F.—35

WARD, Circuit Judge. The plaintiff seeks to recover indemnity for injuries sustained by him when an able seaman on the five-masted schooner Singleton Palmer on a voyage from St. Nazaire, France, to Newport News. Several fingers of his left hand were jammed between a ring on a bolt and the lips of the band around the mast, which were connected together by the bolt. The charge of negligence was that the owner permitted the bolt to become worn and defective, so that the vessel was unseaworthy as to him. It will not be necessary to go into particulars, because the jury found a verdict for the defendant, and the only question to be decided is whether the court erred in charging them.

The first error relied on is the charge as to contributory negligence as follows:

"But it is true, as Mr. Glenney tells you, that if he had looked he would have seen, before he put his hand on this ring, that it had not gone over; and if he had seen that it had not gone over, knowing that the sail had gone over, it would have been negligence in him to put his hand there and accept the risk, which he would have accepted in that case. He would have contributed to his injury and could not recover."

No exception was taken to this, and there is no assignment of error to cover it.

[1] It is contended that we may nevertheless consider the question in virtue of section 269 of the Judicial Code, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), which reads:

Section 269: "All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in courts of law. On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

We do not construe the section as authorizing appellate courts to decide on the whole record whether exceptions have been taken or not. The mischief it was intended to correct is just the opposite of overlooking defects due to negligence, ignorance, or inadvertence, viz., the reversal of judgments because of errors, defects, or exceptions which, though raised with technical accuracy, do not affect substantial rights.

Still appellate courts may consider plain errors, not excepted to nor assigned, though this is rarely done except in criminal cases. See our rule 11 and Oppenheim v. United States, 241 Fed., and cases cited at page 628, 154 C. C. A. 383. As we think the charge clearly wrong in this particular, and the case must be tried again because of another error, we think it better to say so.

[2] In suits by seamen, whether in the admiralty or in courts of common law, contributory negligence is not a matter concerning the remedy or the procedure, but a substantive part of the relation. Contributory negligence, as distinguished from willful misconduct, does not defeat the seaman's rights to wages, care, and maintenance to the end of the voyage and a reasonable time thereafter. Nor does it defeat their rights to indemnity, if otherwise entitled to it, though it

is an element which may be considered in determining what the amount of indemnity should be. Chelentis v. Luckenbach, 243 Fed. 536, 156 C. C. A. 234, L. R. A. 1918F, 991, affirmed 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; John A. Roeblings Sons Co. v. Erickson, 261 Fed. 986, —— C. C. A. ——.

The following portion of the charge was excepted to and duly assigned for error:

"If you do that, then the question will come up whether you shall find the defendant company negligent for allowing a bolt to be worn in that way, so that the accident could happen in the way in which the plaintiff says it happened. It does not follow as a matter of course that you shall find the defendant negligent because you find the bolt had the length which I mentioned, because you must determine whether you think reasonable care required the defendant to apprehend that some such accident as actually happened would happen. By reasonable care I only mean this: That you must put yourself in the position of the shipowner, and say to yourself: Would a person, knowing that this bolt was worn in this way, apprehend that a man without looking would put his hand there, and having put his hand there would get it caught? That is, is it reasonable to suppose that he would anticipate the thing would happen as it did? Was that one of the things which a reasonable man might have apprehended would happen, that the sail would go over, and that the block would not have gone over, and a sailor coming along in the haste of the work would have put his hand there without observing that the block had not followed the sail?

"If you determine that, then you may find a verdict for the defendant. (Error for plaintiff.) * * *

"Mr. Jones: I would like to except to that portion of your honor's charge in which you stated that the jury may consider whether or not the defendant should have realized that an accident like this might have happened if the bolt had been worn, and that it was a matter for the jury to determine whether or not the defendant had such foresight. And I ask your Honor to charge the jury that if they find that this bolt was not maintained in a proper condition and kept in such a condition that the ring would slide back and forth on the bolt as it was designed to do, and as a result of the bolt being in that condition the plaintiff was hurt, that the plaintiff may recover.

The Court: What is that again? What is your idea?

Mr. Jones: My idea is that it is not a question of whether or not the defendant could have foreseen and prevented it or whether they ought to have figured that such an accident might happen from the wear of the bolt, but if the bolts were worn in that manner they were negligent and the ship was unseaworthy, and if the plaintiff was injured because of that unseaworthiness he may recover regardless of whether the defendant realized it might have happened or not.

"The Court: I deny that.

"Mr. Jones: I take an exception."

[3, 4] If the bolt was worn and defective, and the shipowners knew or ought to have known the fact, it makes no difference whether they as reasonable men would not have apprehended the particular accident which actually did happen. The evidence was that the sailors always used this ring on their way to the topmast. The seamen were bound to use the equipment and appliances which the owners furnished, and they were on their part bound to furnish and maintain equipment and appliances for the seamen to use, at least free from defects known or which ought to be known. The common-law rules do not apply to this relation of master and seaman. It is intimate and peculiar, and differs from that between shore master and servants, who may at any

time withdraw from service and refuse to use tools and appliances which they think dangerous. Employers of seamen may not be insurers, but a much higher degree of care must be required of them than is required of employers of shore servants.

The trial judge relied upon The France, 59 Fed. 479, 8 C. C. A. 185, and The Henry B. Fiske (D. C.) 141 Fed. 188. In the former case an ash bag was new and perfectly adequate, but fell because the seamen were using it suspended on one handle, instead of both handles. In the latter a patent spring rider on an anchor chain broke, because of a latent defect undiscoverable by external examination. In The Edith Godden (D. C.) 23 Fed. 43, a winch broke, which, though in good order and condition, was not adequate for loads for which it might be used. In The Robert C. McQuillen (D. C.) 91 Fed. 685, the libelant was hurt by the falling of a boom under which he crawled against express orders. The boom fell as the result of a sound lift being struck by the peak of the gaff as it was being lowered. There was no claim of unseaworthiness. See, also, The Colusa, 248 Fed. 21, 160 C. C. A. 161.

The judgment is reversed.