## 23778. Sanders v. South Atlantic Steamship Company.

Jenkins, P. J. This is an action by a seaman against his employer, the owner of a vessel, brought expressly under the act of Congress known as the "Jones act" (U. S. C. A., title 46, § 688), made subject by this act, as well as expressly made subject by the petition, to the rules fixed by the "Liability of Common Carriers Act" (U. S. C. A., title 45, § 51), for an injury alleged to have been received from slipping upon oil on a deck of the vessel, while the plaintiff was under the command of a boatswain as his immediate superior officer, and was engaged in lifting a punt or small boat from a place on the deck to an overhead rack. While thus engaged at about three o'clock in the afternoon, the plaintiff alleges that he slipped, causing his left groin to strike against the punt. The negligence insisted upon is the alleged negligent command of the boatswain, who it is alleged had full opportunity to observe the deck and see its dangerous condition while directing the work at the time the order was given. It is also alleged that the plaintiff himself was unable to observe the floor where he was required to step in carrying out the order of his superior. A further ground of negligence is the failure of the defendant to provide suitable and necessary medical attention following the accident. *Held:*

1. This action being expressly grounded on the act of Congress known as the "Jones act," and thus being made by law, as well as the express averments of the petition, subject to the rules fixed by the Federal "Liability of Common Carriers Act," the rules peculiar to admiralty cases, such as the general rule governing the non-assumption of risk and the unseaworthiness of vessels, independently of negligence by the owner, must give way to the provisions of the statutes under which the action is brought. Under the construction of these statutes, however, by the Federal courts, the fact that the plaintiff may have had equal knowledge of or opportunity of knowing with the master the dangerous condition of the deck at the time the command was complied with would not absolve the master from liability, inasmuch as in a case of this sort there is an obligation upon the seaman to obey the orders of his superior, so as to deprive him of any freedom of action, which lies at the basis of the doctrine of assumption of risk as applied to workmen on land. U. S. Shipping Board Emergency Fleet Cor. v. O'Shea, 5 Fed. (2d) 123, 125 (5); Masjulis v. U. S. Shipping Board Emergency Fleet Cor., 31 Fed. (2d) 284, 285; Hansom v. Luckenbach S. S. Co., 65 Fed. (2d series) 457 (3); Storgard v. France & Canada S. Cor., 263 Fed. 545 (certiorari denied, 225 U. S. 585, 64 L. ed. 729); Zinnel v. U. S. Shipping Board Emergency Fleet Cor., 10 Fed. (2d) 47; Panama R. Co. v. Johnson, 289 Fed. 964; U. S. v. Boykin, 49 Fed. (2d) 762; States S. Co. v. Berglann, 41 Fed. (2d) 456 (certiorari denied, 51 Sup. Ct. 75, 282 U. S. 868, 75 L. ed. 767); McGeorge v. Charles Nelson Co., 290 Pac. 75 (107 Cal. App. 147); Lejeune v. General Petroleum Cor., 128 Cal. App. 404 (18 Pac. (2d) 429, 434 (5).) In all the cases cited the actions were brought under the "Jones act." Accordingly, inasmuch as the petition set forth such facts as would authorize a finding by a jury that the order was a negligent one, and since the plaintiff was bound to

obey the order irrespective of any knowledge on his part of the danger incident thereto, the court erred in dismissing the petition as failing to set forth a cause of action with respect to the original infliction of the alleged injury.

2. In· the petition it is expressly stated that "the said striking of [the] said groin as aforesaid [was] the sole and proximate cause of the injuries hereinafter set out," but in the brief for the plaintiff it is stated that the petition indicated that the plaintiff was originally injured through the negligence of the defendant as therein described, and that his condition resulting from said injury was made worse by the negligence of the defendant through its commanding officer, the captain of the identical ship on which the plaintiff was injured, in failing to supply reasonable and necessary medical and surgical treatment, and that it therefore must appear that the entire injury to the plaintiff, to wit, the original injury and the more serious condition therefrom caused by a failure to render reasonable medical attention, constitutes but one and the same cause of action. The special demurrer to the petition, on the ground of duplicity, was not determined by the court, but the petition was dismissed solely on the ground that it set forth no cause of action. No question of duplicity in the plaintiff's pleading is, therefore, presented to this court, and the question as to whether the petition sets forth actionable negligence in the failure to furnish proper and necessary surgical and medical attention after the accident must be dealt with. The petition shows, that, after the original injury on September 10, 1932, the condition of the plaintiff first became apparently serious three days after the ship had sailed from Savannah for England; that on reaching port at Liverpool he was immediately hospitalized and treated, and that he was discharged from the hospital on December 13, 1932; that after returning to this hospital he was again discharged, "as cured," on February 2, 1933; that he left England on February 9th aboard the ship, and on February 13th was treated at Rotterdam, Holland, by a physician,· who, although he advised an immediate operation, "agreed that it might be possible to bring petitioner to the United States" for entrance in a Government hospital there, "if boric acid solution packs were kept upon the said injured groin." The petition shows that the plaintiff's condition became worse when the steamer reached Sluyskill, Holland; and the main contention as to negligence seems to consist in the refusal of the captain to take him to a physician there, and the continuance of the voyage to the United States. It is alleged that, "despite the said packs, the swelling in his said groin burst on March 2, 1933;" that he was placed in the Public Health Service Relief Station at Charleston, South Carolina, on March 8, 1933, and transferred on March 10 to the United States Marine Hospital at Savannah, where on March 27 he developed "dry gangrene," and his leg was amputated. These averments fail to set forth a cause of action on account of the failure to furnish proper medical and surgical treatment, within the rules controlling such liability. See The Van der Duyn, 261 Fed. 887; Campbell v. Gilmore, 43 Fed. 318; The Wensleydale, 41 Fed. 602.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1934.

718

Ulmer & Dowell, Gazan & Caldwell, for plaintiff.
Lawton & Cunningham, for defendant.