## DERVISHOGLU v. BOYAZIDES.

### No. 16398.

District Court, E. D. New York.

April 8, 1942.

Melton, Lebovici & Arkin, of New York City (Edward Arkin and Herbert Lebovici, both of New York City, of counsel), for libellant.

Frederick H. Cunningham, of New York City, for respondent.

GALSTON, District Judge.

This is a suit in admiralty against the respondent, who is the owner of the steamship Leonidas.

The libellant was hired on or about October 13, 1941, by the master of the steamship, Leonidas as a stand-by seaman to do repair work to the engines while the vessel was tied up at a pier in Hoboken, New Jersey. He was to be paid an hourly wage and was to serve in such capacity as a second engineer. On October 16, 1941, at about four o'clock in the afternoon, on the conclusion of his tasks, he sought a pass to enable him to go ashore. He did not find the officer on deck and proceeded to the master's saloon where he found the mate. On approaching a table at which the mate was seated, and while addressing the mate, the libellant stepped into a trap-door opening, which led by stairway to the provision room below. He sustained injuries to ankle, leg, arm and head, and seeks recovery under the general maritime law. He contends that the quarters were in some state of dimness because at the time the only light which penetrated came from the open door through which he entered.

The sole eye witness was the chief officer of the Leonidas, who was seated at the desk at the time. It is his testimony that natural light was coming through the four port holes at the time of the accident, as well as from two pantry doors. The trap-door and opening were alongside and to the left of the table at which he was seated. The opening was about two feet six inches by four feet. The trap-door had been opened and had been left open by a steward who had descended to the provision room for supplies to be furnished the cook. He then proceeded to the galley which was ninety feet distant from the saloon. The accident happened shortly thereafter.

The trap-door swings back against the port bulkhead of the saloon. The under surface was painted white; in closed position it was covered with carpet. At the time of the accident the carpet was folded back. The trap-door was about a foot away from the edge of the table and from the end of the table to the bulkhead is about three feet six inches.

The libellant had not signed ship's articles up to the time of the accident; nor was he housed on the ship. From his employment on a day-wage basis, accordingly, it does not follow that the ship had bound itself to him or that he had bound himself to the ship as a member of the crew, for the object of ship's articles is to define the relationship and mutually bind ship and seaman according to their terms. Here all of that was missing. The most that can be spelled out of the circumstances pending hiring, from the most favorable viewpoint of the respondent, is that the libellant had agreed that at some time in the future he would become a member of the crew.

Consequently the respondent cannot rely, under the general maritime law, as he seeks to do here, on freedom of liability which would follow from the negligence of a fellow seaman. In the circumstances the owner was liable for any act of negligence committed by one who was in his employ while the vessel was at her berth.

Negligence in the pending cause can be spelled out of the failure of the steward to close the trap-door, as well as from the failure of the chief officer to warn the libellant, and also from the failure of the ship to provide adequate lighting at the time of the happening of the accident. On the other hand, the very inadequacy of the light in the saloon placed an obligation upon the libellant to proceed carefully

in unfamiliar quarters. It is true that an open trap-door was not to be anticipated, but the absence of light imposed a duty for the exercise of caution. Such caution apparently was not observed by the libellant.

In the circumstances he is entitled to a decree, but for half damages only.

Concurrently with the filing of this opinion there will be filed findings of fact and conclusions of law.