**BECKER v. WATERMAN S. S. COR-
PORATION.**

No. 130, Docket 21518.

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1950.

Decided Jan. 27, 1950.

Gay & Behrens, New York City, for appellant. Edward J. Behrens, New York City, of counsel.

George J. Engleman, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action brought under the Jones Act, 46 U.S.C.A. § 688, by the chief officer of the S. S. Warrior against her owner to recover damages for injuries he sustained when he entered the port deep tank in No. 3 hold to supervise its cleaning. The jury returned a verdict of $30,000 in his favor. From the resulting judgment the defendant has appealed, assigning error in denying motions to dismiss and to direct a verdict in its favor as well as errors in the charge of the court. There is no substantial dispute as to the facts which

the jury could have found from the evidence.

On its outbound voyage to Europe the vessel carried drums of soybean oil in the deep tanks in No. 3 hold. Some of the drums broke and the spilled oil drained into the rose box of each tank. At Bremen, Germany the plaintiff, accompanied by the first assistant engineer, inspected the tanks and found them clean except for the oil in the rose boxes. The assistant engineer promised to pump out this oil and the chief officer thereupon entered in the log that the tanks were "clean and O.K.'D." Subsequent events justified the inference that the assistant engineer failed to fulfill his promise and that the plaintiff knew before he sustained his injuries that the oil had not been pumped out. On the return voyage the tanks were filled with water for ballast. After the ship left Boston, Mass., on the way to Searsport, Me., the master ordered that the water ballast be pumped out through the pipes in the bottom of the rose boxes. Shortly before the vessel anchored at Searsport on the morning of March 11, 1948, the chief officer was informed by the engineering department that suction had been lost in pumping out the deep tanks, and he was asked to look into the matter. He opened the manhole and with the aid of a flashlight saw about a foot of water in the after end of the tanks with "round blobs of stuff floating around." Several hours later after the vessel had been docked, the chief officer, accompanied by a deck maintenance seaman, entered the port deep tank through the manhole to determine what cleaning had to be done. The tank covers were still on and they lowered a cargo light consisting of three or four electric bulbs and a reflector through the manhole. The chief officer then descended the ladder to the "trunk" or ledge which is about five feet above the bottom of the tank. He took a step or two forward, his foot hit a blob of oil which he had not seen, he lost his balance and fell from the ledge into the tank, sustaining the injuries for which he has recovered judgment. It was the duty of the chief officer to see that the deep tanks were clean and fit for the receipt of cargo at Searsport.

The appellant contends that there can be no recovery on these facts because the chief officer was under a duty to correct a dangerous condition of which he had knowledge, and sustained his injuries by reason of the very condition he was employed to correct. The point was raised by motions at the conclusion of the evidence to dismiss the complaint and to direct a verdict for the defendant.

The cases relied upon are Byars v. Moore-McCormack Lines, 2 Cir., 155 F.2d 587 and Kowalsky v. Conreco Co., 264 N. Y. 125, 190 N.E. 206, 207. In the former case we held that where an independent contractor had been employed to repair a vessel's hatch covers, of whose defective condition he had been warned, and an employee of the contractor fell through a defective hatch, neither the bare boat charterer nor the agents of the vessel were liable for the employee's injuries. The Kowalsky case was a similar holding with respect to injuries sustained by an employee of an independent contractor who was employed to remedy a dangerous condition in a building. These decisions are inapplicable to the case at bar. As stated in the Kowalsky opinion and quoted in the Byars opinion, "The duty of an owner to repair implies that the workman employed to make the repair assumes the risk." Such assumed risks include the risk of negligence on the part of fellow servants. Florence & C. C. R. Co. v. Whipps, 8 Cir., 138 F. 13, 14; Mullin v. Genesee County Electric Light Power & Gas Co., 202 N. Y. 275, 279, 95 N.E. 689. But assumption of risk is not a defense to an action under the Jones Act for reasons discussed at length in Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265. By incorporating the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the Jones Act brought into the maritime law new rules of liability. Under the old law a seaman could not recover, except for maintenance and cure, for injuries sustained through the negligence of another member of the crew. The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 47

L.Ed. 760. But under the Jones Act the fellow servant rule is abrogated by virtue of section 54 of Title 45. In the case at bar the jury was entitled to find, as it apparently did, that a contributing cause of the accident was the negligence of the assistant engineer in failing to pump the oil out of the rose boxes as he had said he would do. If the plaintiff was also negligent in failing to see the blob of oil on which he slipped, his own negligence may reduce the amount of his recovery but is not a bar to his action. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431, 59 S.Ct. 262, 83 L.Ed. 265; 45 U, S.C.A. § 53. Hence the court was right in denying the defendant's motions to dismiss and to direct a verdict.

By the same reasoning no error was committed in denying the defendant's requests to charge numbered 1(a), 1(b) and 3. They presuppose that knowledge of the dangerous condition by the plaintiff precludes recovery, even though the condition was caused by the negligence of another member of the crew. That premise is false in an action brought under the Jones Act. Complaint is also made of the charge as to proximate cause but we see no defect in this respect.

Judgment affirmed.