On Motion for Clarification Granted
NESBITT, J.
The opinion of this Court filed on October 13, 1999 is vacated and this opinion is substituted in its stead.
Third-party plaintiff Hertz Corporation brought suit against third-party defendant Carnival Corporation in an action arising out of an automobile accident involving a Hertz car driven by Carnival employee Emileth Rodriguez. Van Bent Williams, the plaintiff in the underlying action and *325 fellow Carnival crew member, was a passenger in the car. Carnival crewmen were to attend a Monday seminar in Miami. Carnival offered their employees free air fare to Miami and paid for rooms for Sunday night. Rather than fly, Rodriguez chose to drive. That Sunday, Rodriguez and her boyfriend rented a Hertz car. Williams decided to go with Rodriguez. Rodriguez did not get prior approval to rent the car, was not reimbursed by Carnival, and never requested such. While on Interstate 95 the vehicle veered off the road and crashed into a tree.
Over Carnival’s objection, the trial judge gave the following jury instruction:
The next issue for your determination is whether Emileth Rodriguez in renting the Hertz car and driving to Miami rather than flying, was in violation of a company rule or instruction of Carnival. If you determine that Emileth Rodriguez, at the time of the incident complained of, was pursuing a financial benefit or business purpose for Carnival, even though the conduct of Emileth Rodriguez violated Carnival’s rule or instruction, or that at the time of the incident complained of Emileth Rodriguez was pursuing a financial benefit or business purpose for Carnival and that Carnival knew or should have known of the conduct that violated the company rule or instruction, could have enforced the rule or instruction, and failed to do so, then you should find that Emileth Rodriguez was acting within the scope of her employment at the time of the incident complained of.
The jury returned a verdict in Hertz’ favor. Carnival appeals and Hertz cross-appeals. For the following reasons, we reverse and remand for a new trial.
Carnival claims that the court’s jury instruction regarding scope of employment constitutes reversible error. We agree. .Jury instructions should not mislead or confuse the jury and must be supported by facts in evidence. See Bach v. Murray, 658 So.2d 546 (Fla. 3d DCA 1995). There was no evidence to support the theory that Carnival knew or should have known of conduct by Rodriguez that violated a Carnival rule or instruction. Hertz stipulates to this, but contends that the two-issue rule.precludes Carnival from obtaining relief on appeal. Hertz is mistaken. The two-issue rule applies only to those actions that can be brought on two theories of liability, but where a single basis for damages applies. See First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 538 (Fla.1987). In the instant case, the only theory of liability claimed by Hertz is respondeat superior. Accordingly, the two-issue rule does not apply.
Hertz' also claims, by way of cross-appeal, that since it was entitled to a directed verdict on the issue of scope of employment, any error arising from the instruction was harmless. Conversely, Carnival asserts that it was entitled to a directed verdict as a matter of law on this same issue. Both Hertz and Carnival are mistaken in their contentions. Generally, whether the tortious acts of an employee fall within the scope of employment is an issue to be determined by the jury. See Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116, 121 (Fla. 1st DCA 1983). A directed verdict should only be given in cases where the jury could reach but one conclusion. Id. We cannot say in this case that the facts are so clear-cut one way or the other that the issue should have been taken from the jury.[1] Since the scope of employment issue was properly submitted *326 to the jury, the confusing instruction, unsupported by the facts in evidence, was not harmless error.
Although not necessary to our decision today, we think it would be helpful to the trial court if we briefly discuss whether or not the fellow servant doctrine is an available defense in this case. On the first day of trial, the trial court denied Carnival’s motion to amend its affirmative defenses to include the fellow servant doctrine. Notwithstanding the untimeliness of this motion, we agree that the fellow servant doctrine is not a viable defense in this case. Though still the law in Florida, the fellow servant doctrine applies only in very limited circumstances. See Crenshaw Bros. Produce Co., v. Harper, 142 Fla. 27, 194 So. 353 (Fla.1940). The rationale behind this rule is that an employee is more likely to be careful for their own safety in the absence of a remedy when injured by a co-worker. Id., 194 So. at 362.[2] This policy will in no way be furthered by allowing Carnival to raise this defense against Hertz.[3] Thus, the trial court was correct in denying Carnival’s motion to amend its affirmative defenses to include the fellow servant doctrine.
We affirm as to all other issues raised by the parties. However, for the aforementioned reasons, the order under review is reversed and remanded for a new trial for the sole purpose of determining scope of employment.

. In its cross-appeal. Hertz claims that since Williams and Rodriguez were blue water seamen, the scope of employment issue should be determined under the Jones Act of general maritime law. Hertz argues that by paying Williams maintenance and cure benefits under the Jones Act, Carnival admitted that Williams and Rodriguez were acting within the scope of their employment at the time of the accident. The problem with this argument is that, although scope of employment is easier to prove under the Jones Act than under Florida law, general maritime law has nothing to do with this case. Scope of employment is easier to prove under a Jones Act claim for maintenance and cure because of *326 the special relationship between the shipowner and the seamen. See Aguilar v. Standard Oil Co., 318 U.S. 724, 730, 63 S.Ct. 930, 87 L.Ed. 1107 (1943). In this case, there is no such connection between Hertz and Carnival, and we see no reason why Hertz should be able to stand in Williams’ shoes so as to reap the benefits of this special relationship. Thus, the trial court was correct in applying Florida law.

. Although still the law in Florida, the Supreme Court of Florida found this reasoning to be "entirely untenable” and only stopped short of completely abrogating the fellow servant doctrine because it was unnecessary to the resolution of the case. See Crenshaw Bros. Produce Co., v. Harper, 142 Fla. 27, 50-51, 194 So. 353, 362-63 (1940).

. Interestingly, under general maritime law, Carnival would also have been precluded from asserting the fellow servant doctrine against Williams. See, Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943); see also Becker v. Waterman S.S. Corp., 179 F.2d 713 (2d Cir.1950).