RAMIREZ, J.
Mary Jane Briscoe appeals an adverse jury verdict in her action which arises from a slip and fall accident on a two-step flight of stairs aboard one of the vessels owned by the appellee, Celebrity Cruises, Inc.
' The steps in question connected the deck to the shower area. Briscoe’s suit alleged a design defect based on her liability expert’s opinion that she fell because the two steps had different riser heights. The expert conceded that his opinion assumed that Briscoe made it down onto the second step, i.e., the shower area floor. Thus, the location of her fall was a crucial feature of the trial;
At trial, Briscoe testified that she approached the stairs with caution because the deck was slippery. There was no handrail so she put her left hand out to steady herself. She was unsure how she fell, but she recalled that she took the first step with her right leg, and then placed her left foot down on the second step onto the shower floor.
Celebrity maintained that Briscoe had fallen at the top of the steps, and that she had fabricated her testimony after she retained a lawyer and filed suit. Captain Demitrios Kafetizis testified that Briscoe *296 told him that she was intending to go down the stairs and fell on the first step.
At issue in this appeal is a document prepared by nurse C. Sanderson and a form provided by Briscoe’s medical insurance provider that described Briscoe’s accident. The first one, called an injury report, contains Briscoe’s statement that she fell as she went down the steps; that she did not know why she fell; and that she just slipped. Celebrity objected to the introduction of the report based on hearsay. Briscoe maintained that the report constituted a medical/business record, and was relevant to rebut Celebrity’s claim of recent fabrication. The court ruled that the report resembled an accident report and was inadmissible hearsay.
In the insurance form, Briscoe stated that she was standing at the top of two or three steps and fell when she went to start down. Celebrity argued that this form, although hearsay, constituted an admission against interest by Briscoe. The trial court held that Celebrity could offer it as a prior inconsistent statement for impeachment purposes only.
Although we find no error in the use of the insurance form for impeachment, we conclude that the excluded injury report should have been admitted as non-hearsay testimony because the report was consistent with Briscoe’s trial testimony, she was subject to cross-examination, and the report was offered to rebut an express charge of recent fabrication. Celebrity’s defense was that Briscoe fell at the top— before starting down the steps. The injury report clearly quotes Briscoe as stating: “I was going down the steps and I slipped.” This report was prepared on the same day of the accident. It thus contradicted Celebrity’s accusation that Briscoe changed her testimony after consulting with her attorney, which is classic non-hearsay under section 90.801(l)(c), (2)(b), Florida Statutes (2002). Because this was such a hotly-contested issue, we determine that the error was harmful.
At the charge conference, both parties presented their proposed jury instructions. On the issue of negligence, Briscoe requested that the jury be instructed pursuant to Florida Standard Jury Instructions 3.5(f). Celebrity objected to Bris-coe’s proposed instruction and proposed its own instruction. Briscoe objected to Celebrity’s proposed instruction before jury deliberations began. The court subsequently instructed the jury using Celebrity’s instructions. This was error because the court substituted the word “and” for the word “or” in the standard instruction. Celebrity’s jury instruction was not a correct statement of Florida law because Briscoe did not have to be unaware of the danger in order to recover. See Carnival Corp. v. Hertz Corp., 748 So.2d 323, 325 (Fla. 3d DCA 1999). (“Jury instructions should not mislead or confuse the jury and must be supported by facts in evidence.”).
We reverse and remand for a new trial.