**MASJULIS v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.**

Circuit Court of Appeals, Second Circuit.
March 11, 1929.

No. 233.

seaman to obey the orders of his superiors that he cannot have the freedom of action which lies at the base of the doctrine of assumption of risk as applied to workmen on land. On this subject the following language is quoted from the opinion in Storgard v. France & Canada Steamship Corporation (C. C. A.) 263 F. 545:

"The common-law rules do not apply to this relation of master and seaman. It is intimate and peculiar, and differs from that between shore master and servants, who may at any time withdraw from service and refuse to use tools and appliances which they think dangerous."

The charge given put the plaintiff where he would be at the disadvantage of having to decide between assuming the risk of injury caused by defective appliances, due to the negligence of his superiors, or of assuming the risk of disobedience to the order of his superior officer, with whatever consequences that would entail, and in either event of assuming the risk of his choice. This in effect gave to the defendants a distinct defense to the action, to which under the law they were not entitled.

Judgment reversed.

Paul C. Matthews, of New York City (Raymond Parmer, of New York City, of counsel), for appellant.

Charles H. Tuttle, of New York City (Edgar G. Wandless and Howard C. Campbell, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). Since the plaintiff was using the rope under orders, it was error to submit the question of assumption of risk to the jury. Cricket Steamship Co. v. Parry (C. C. A.) 263 F. 523; Panama Railroad Co. v. Johnson (C. C. A.) 289 F. 964.

As was pointed out in the Johnson Case, supra, there is such an obligation upon a