### BEADLE *v.* SPENCER.

No. 676.   Argued March 31, 1936.—Decided April 27, 1936.

---

*Mr. Harold M. Sawyer* for petitioner.

126

*Mr. John L. McNab* submitted for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted to review a ruling of the Supreme Court of California, 4 Cal. (2d) 313; 48 P. (2d) 678, that assumption of risk is not a defense to a suit

brought by a seaman under the Jones Act, 41 Stat. 1007, 46 U. S. C. § 688, to recover for personal injuries due to the negligent failure of the officers of the vessel to provide him with a safe place in which to work.

Respondent was employed by petitioner as a seaman on a coasting vessel. While engaged in unloading lumber from the deck he was injured by a fall into an open hatch. On the trial there was evidence from which the jury could have found that the deck of the vessel, from the bulwarks to within about forty inches of either side of the hatch coamings, was loaded with heavy timbers, and that the remaining deck space, at the sides of the hatch, was loaded with loose lumber, consisting of pieces 2″ x 3″ and 1″ x 12″, to a height five or six feet above the deck; that this lighter lumber, or a substantial part of it, had been loaded in sling loads, without re-piling, in such negligent fashion as to render it unstable; that the pile of lumber, with the open hatch alongside, constituted an unsafe place to work for those required to go upon it, as the master knew; and that the upper part of the pile of lumber, on which respondent was standing in order to adjust a sling about some of the lumber to be unloaded, toppled over because of its instability, throwing him through the open hatch into the hold and causing the injuries complained of. The trial court refused requests to charge that assumption of the risk by respondent was a defense, but left it to the jury to say whether there was negligent failure of the master to provide a safe place for the respondent to work, and whether the failure was the proximate cause of the injury. It reduced the jury's verdict for respondent and gave judgment accordingly, which the state supreme court sustained.

Numerous grounds for reversal are urged here, of which only two require our notice. One is petitioner's contention that even though assumption of risk is not generally a defense to a suit brought under the Jones Act, it must

be deemed available where, as in the present case, the injured seaman is employed on a coasting vessel which was in port at the time of the accident. It is argued that as he was not required to sign articles, 18 Stat. 64, 46 U. S. C. § 544, compare 46 U. S. C. § 563, and consequently was not subject to the punishment for desertion prescribed by 46 U. S. C. §§ 701–713, he was free to avoid the risk by leaving the vessel and his employment. The other objection is that the trial court erred in refusing petitioner's request to charge that if the jury should find that respondent, in placing the sling underneath the lumber, "chose to perform the act in a dangerous manner such as stepping too near the edge of the deck load when there was a safe method of doing the work involving no risk of the edge of the deck load giving away, then the plaintiff cannot recover."

1. The effect of the Jones Act in bringing into the maritime law new rules of liability prescribed by the Federal Employers' Liability Act, has been considered in *The Arizona,* decided this day, *ante,* p. 110, and does not require extended discussion here. The injury resulting to the employee from the negligently piled lumber, in proximity to the open hatch, is made actionable by the Jones Act, by its adoption for the maritime law of the provisions of the Employers' Liability Act, which specifically imposes liability for negligence of officers and fellow employees, and for defects in equipment due to negligence. See *Zinnel* v. *U. S. Shipping Board E. F. Corp.,* 10 F. (2d) 47; *The Valdarno,* 11 F. (2d) 35; *Howarth* v. *U. S. Shipping Board E. F. Corp.,* 24 F. (2d) 374; *Hanson* v. *Luckenbach S. S. Co.,* 65 F. (2d) 457. Before the enactment of the Jones Act it was recognized that a "failure to supply and keep in order the proper appliances appurtenant to the ship" is equivalent to unseaworthiness, and that it was likewise actionable under the maritime law, if it caused injury to a seaman. See *The Osceola,* 189 U. S. 158, 175. Judge

Addison Brown, sitting in admiralty, had allowed recovery to a seaman for injuries received in unloading lumber in circumstances substantially like the present, in *The Frank and Willie,* 45 Fed. 494, cited with approval in *The Osceola, supra,* 174. See also *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255; *Olson* v. *Flavel,* 34 Fed. 477.

2. It is unnecessary to repeat here the reasons given in the opinion in *The Arizona, supra,* for our conclusion that assumption of risk is not a defense to a suit brought by a seaman under the Jones Act for negligent failure of the master to provide safe appliances or a safe place in which to work. Those reasons neither require nor admit of a different rule because of the circumstances of respondent's employment on which the petitioner relies. The rules, peculiar to admiralty, of liability for injuries to seamen or others, are as applicable when the injury occurs upon a vessel in port as when at sea, although the common law may apply a different rule to an injury similarly inflicted on the wharf to which the vessel is moored. *The Frank and Willie, supra;* and see *Northern Coal & Dock Co.* v. *Strand,* 278 U. S. 142; *Nogueira* v. *New York, N. H. & H. R. Co.,* 281 U. S. 128; *Baizley Iron Works* v. *Span,* 281 U. S. 222; *Employers' Liability Assurance Corp.* v. *Cook,* 281 U. S. 233; *Uravic* v. *Jarka Co.,* 282 U. S. 234.

Nor do we perceive any adequate ground for judicial relaxation of the admiralty rule, applicable under the Jones Act, that assumption of risk is not a defense to a suit to recover for injury to a seaman resulting from unseaworthiness or defective equipment, because he chances to be in some measure less amenable to the iron discipline of the sea than others who go upon foreign voyages. Even so his freedom to avoid the risk is far from comparable to that of the employee on land where the defense of assumption of risk originated and has been maintained.

No such distinction appears to have been recognized in the maritime law. And we discern nothing in the purpose or in the language of the Jones Act or in the rules of liability which it prescribes to suggest that Congress undertook to introduce such a distinction into the maritime law.

It is unnecessary to decide whether employees on a vessel who are not seamen according to the maritime law, but who have been given the status of seamen for the purpose of enabling them to bring suit under the Jones Act, see *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50, are entitled to the immunity from the defense of assumption of risk accorded by the maritime law to seamen. Cf. *Scheffler* v. *Moran Towing & Transportation Co.,* 68 F. (2d) 11; *Skolar* v. *Lehigh Valley R. Co.,* 60 F. (2d) 893.

3. We find no prejudicial error in the refusal to give the requested charge as to the respondent's use of the sling. The trial judge did charge the jury that there could be no recovery unless it found that negligence of petitioner was the cause of the injury. Respondent was using the defectively piled lumber as a platform on which to stand when adjusting the sling under some of the lumber about to be unloaded. There is no suggestion in the evidence or by petitioner's requests that he could have stood elsewhere when performing that operation, or that he had any choice but to do his work there or leave the vessel. It may be that he was negligent in standing at one point rather than at another upon the unsafe pile of lumber, see *Seaboard Air Line Ry. Co.* v. *Horton,* 233 U. S. 492; cf. *The Frank and Willie, supra,* and that an instruction as to the effect of his negligence would have been appropriate. But we think the charge in the form requested, so far as applicable to the evidence, and in view of that actually given, amounted to

no more than a request to charge that his negligence was a defense. Contributory negligence is not a defense to a suit brought either under the Jones Act or under the maritime law for injuries attributable to negligently defective equipment. Under both it is ground only for apportionment of the damage, see *The Frank and Willie, supra;* 35 Stat. 66, 45 U. S. C. § 53. So far as the record discloses petitioner made no request for an instruction as to apportionment of the damage.

*Affirmed.*