## RESKIN v. MINNESOTA–ATLANTIC TRANSIT CO.

### No. 84.

Circuit Court of Appeals, Second Circuit.
Nov. 13, 1939.

744

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey and W. Alexander Eldridge, both of Buffalo, N. Y., of counsel), for defendant-appellant.

Desmond & Drury, of Buffalo, N. Y. (Edward J. Desmond and John E. Drury, Jr., both of Buffalo, N. Y., of counsel), for plaintiff-appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, a seaman on the Great Lakes, brought this suit in the District Court for the Western District of New York under the Jones Act, 46 U.S.C.A. § 688, to recover indemnity for personal injuries received while carrying out an order given him by the mate. A trial by jury resulted in a verdict and judgment for the plaintiff and the defendant has ap-
pealed. The sole question now raised is whether the denial of the defendant's motion for a directed verdict was error.

■ The sufficiency of the evidence as a basis for the verdict is to be tested by taking as the standard whatever facts the jury might reasonably have found which were supported by substantial evidence together with such reasonable inferences therefrom as might have been drawn. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Richmond & Danville Railroad v. Powers, 149 U.S. 43, 45, 13 S.Ct. 748, 37 L.Ed. 642.

■ The accident happened about half past eight on the morning of November 17, 1938, on the defendant's package cargo steamer "Queen" while she was in the port of Buffalo following a voyage from Duluth. The plaintiff had shipped on her at Duluth for a return voyage. Just before the accident he was on the 'tween deck with the first mate whose orders he was bound to obey. They were near a vertical steel ladder leading up about eleven feet through a hatch to the deck above when the mate gave him an order which the jury could reasonably have found from the evidence to have been, "Harry, take those two shovels up and then come down and get the brooms". The plaintiff started up the ladder with both shovels held by their handles in one hand, using only his free hand to steady himself on the ladder. He got up some feet without mishap but when he tried to reach high enough to take hold of the hatch combing he lost his balance; fell back to the 'tween deck and injured his back. There was also testimony from which the jury was justified in finding that when the mate ordered the plaintiff to take the shovels up he intended to have him use the ladder and that the plaintiff reasonably so understood the order. The mate himself was asked, "Mr. Levine, did you order Mr. Reskin to carry two shovels up that ladder on that morning?" And he replied, "Yes, sir". And the plaintiff testified that the mate handed him the two shovels when he told him to take them up.

Since these facts could reasonably have been found by the jury, it was a permissible inference that the order was to take both shovels up the ladder at the same time. Indeed, the fact that the mate handed the shovels to the plaintiff when he gave him the order makes this abundantly clear.

That such an order required the plaintiff to do his work in a dangerous way in going up a vertical ladder so burdened is self evident. The defendant frankly admits that. There was adequate proof that there were other and safe ways to take the shovels up to the deck above and the jury was well within the evidence in finding that the mate was negligent in ordering the plaintiff to make the dangerous climb which caused his injuries. The seaman did not assume the risk inherent in carrying out the order of his superior. The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082; Masjulis v. U. S. Shipping Board Emergency Fleet Corp., 2 Cir., 31 F.2d 284. Nor would contributory negligence, even if it could have been found by the jury, have been of any consequence except to mitigate the damages. Socony-Vacuum Co. v. Smith, 305 U.S. 424, 59 S. Ct. 262, 83 L.Ed. 265.

Judgment affirmed.