### SICLANA v. UNITED STATES et al.

District Court, S. D. New York.

March 24, 1944.

Golenbock & Komoroff, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent U. S. Lines Co.

HULBERT, District Judge.

Libelant moves for an order sustaining the exceptions and dismissing the first, second and third separate, complete and distinct defenses contained in the *respondent's** answers. (There is only one answer attached to the motion papers, namely, that of the United States Lines Company and from an examination of the Clerk's file it appears that the summons and complaint have never been served upon the respondent The United States of America.)

The libel purports to set out a cause of action against the answering respondent. The introductory paragraph reads:

"The libel of Miguel Siclana against United States Lines Company, for recovery of damages for injuries sustained under the provision of the Suits in Admiralty Act of 1920 (Title 46 U.S.C.A. Sections 741 to 752 inclusive) for recovery of damages for injuries sustained and maintenance."

In paragraph Fourteenth, the libelant pleads the Jones Act, 46 U.S.C.A. § 688, and alleges that he "elects to maintain this action under said law."

Libelant was a member of the crew of the SS City of Dalhart, of which the respondent

---

* Italics mine.

United States Lines Company "was in possession and control * * * as agent for The United States of America."

The libelant is alleged to have been "in the employ of the *respondents** aboard the said vessel" as a messman and while "acting under orders, was in the course of his duties, aboard said vessel, without any fault on his part, his skin was pierced with steel wool, and he sustained severe and permanent personal injuries."

The negligence charged to the *respondents** is:

"In failing and neglecting to provide libelant with a safe place to work; in ordering and requiring libelant to work under dangerous and improper conditions; in failing and neglecting to provide libelant with a safe, proper and seaworthy ship; in failing and neglecting to properly superintend and supervise the operation and maintenance of said vessel; in failing and neglecting to provide libelant with safe and competent superior officers; in failing and neglecting to warn libelant of the dangers impending; and in operating said vessel in a dangerous and careless manner."

█ Since this must be regarded as an action under the Jones Act, neither contributory negligence nor assumption of risk can be pleaded as separate, complete and distinct defenses, as the answering respondent has undertaken to do. The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L. Ed. 1075; Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082.

█ The third separate, complete and distinct defense pleaded by the answering respondent is:

"Twenty Second: That libelant failed to comply with the provisions of Public Law, 78 Cong. H.R. 133 * * *" (Title 50 U.S.C.A.Appendix § 1291) which provides, in part, as follows:

"(a) Officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to * * * (2) death, injuries, illness, maintenance and cure, loss of effects, detention, or repatriation, or claims arising therefrom not covered by the foregoing clause (1); * * * have all of the rights, benefits, exemptions, priv-

ileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. Such seamen, because of the temporary wartime character of their employment by the War Shipping Administration, shall be considered as officers and employees of the United States for the purpose of the United States Employees Compensation Act * * *. Any claim referred to in clause (2) or (3) hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act (Title 46 §§ 741–752), notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act. Any claim, right, or cause of action of or in respect of any such seaman accruing on or after October 1, 1941, and prior to the date of enactment of this section may be enforced, and upon the election of the seaman or his surviving dependent or beneficiary, or his legal representative to do so shall be governed, as if this section had been in effect when such claim, right, or cause of action accrued, such election to be made in accordance with rules and regulations prescribed by the Administrator, War Shipping Administration. * * * When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration. When used in this subsection the terms 'War Shipping Administration' and 'Administrator, War Shipping Administration' shall be deemed to include the United States Maritime Commission with respect to the period beginning October 1, 1941, and ending February 11, 1942, and the term 'seaman' shall be deemed to include any seaman employed as an employee of the United States through the War Shipping Administration on vessels made available to or subchartered to other agencies or departments of the United States."

The third defense appears to be intended to raise an issue that any notice which the libelant may have given, was not in accordance with the provisions of Section 1291, supra.

Therefore, the motion will be granted as to the first and second separate defenses and denied as to the third separate defense. Settle order on notice.

---

* Italics mine.