## DARLINGTON v. NATIONAL BULK CARRIERS, Inc.

### No. 25, Docket 20257.

Circuit Court of Appeals, Second Circuit.
Oct. 30, 1946.

George J. Engelman, of New York City, for plaintiff-appellant.

Reid, Cunningham & Freehill, of New York City (Frederick H. Cunningham, of New York City, of counsel), for defendant-appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The cases make it clear that the safety of ships at sea might be seriously endangered were the rule in accordance with the judge's charge and not as stated in

the requested charge.[1] We need not consider whether, in extraordinary circumstances, the well-settled rule might perhaps be inapplicable if orders given were outrageously absurd, for here there were no such circumstances or orders.

Reversed and remanded.[2]

---

[1] Masjulis v. U. S. Shipping Board Emergency Fleet Corp., 2 Cir., 31 F.2d 284; Reskin v. Minnesota-Atlantic Transit Co., 2 Cir., 107 F.2d 743, 745; Storgard v. France & Canada S. S. Corp., 2 Cir., 263 F. 545.

We disagree with B. A. Carroll Stevedore Co. v. Makinda, 1 Cir., 20 F.2d 19, so far as it suggests a contrary rule.

[2] It is immaterial that plaintiff was not disciplined when, after the injury, he refused to continue to obey the order; for he was not obliged to conjecture what would be the response of his superiors to disobedience, especially before the occurrence of injuries resulting from his compliance with the order.