## BRISLIN v. UNITED STATES et al.

### No. 5676.

Circuit Court of Appeals, Fourth Circuit.

Dec. 30, 1947.

I. Duke Avnet, of Baltimore, Md. (Donald G. Murray of Baltimore, Md., on the brief), for appellant.

C. Ross McKenrick, Asst. U. S. Atty., Southgate L. Morison, and George W. P. Whip all of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., Ober, Williams, Grimes & Stinson, and Lord & Whip all of Baltimore, Md., on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in admiralty in a suit instituted under the Jones Act, 46 U.S.C.A. § 688, to recover damages on account of personal injuries sustained by a seaman. Libellant was the assistant radio operator on the steamship Henry Ward Beecher, a vessel owned by the United States. On January 6, 1945, during the course of a storm, he was injured by the falling open of a high-frequency radio transmitter, the shelf and heavy mechanism of which struck him on the head with great force as he sat at work on another instrument nearby. He alleged in his libel that the transmitter had been insecurely fastened in its cabinet; and, thereupon, the Radiomarine Corporation of America, which had installed the transmitter on the vessel, was impleaded under the 56th Admiralty Rule, 28 U.S. C.A. following section 723. The trial judge, being of opinion that a proper transmitter had been supplied and that for this

reason there was no liability, dismissed the libel as to both respondents, and libellant has appealed.

The transmitter that caused the injury was enclosed in a cabinet when not in use and the shelf upon which it rested appeared then as a panel in the cabinet. When it was desired to use the transmitter, the panel was pulled out by a handle at the top and swung outward on a hinge until it stood at a ninety degree angle with the face of the cabinet. When the panel was closed the weight of the attached transmitter held it in place under ordinary conditions; but it was provided with two set screws at the top, which were designed to fasten it securely to the frame of the cabinet so that it could not fall open in rough weather. The evidence clearly shows that, in the exercise of due care, these screws should be tightened or screwed into the frame of the cabinet when the panel is closed, so as to prevent its being thrown open by unusual motion of the vessel. This had not been done at the time of libellant's injury, as is shown by the fact that the threads on the screws and their sockets were not stripped, as would necessarily have been the case if the screws had been torn from the sockets when the panel was thrown open.

Libellant had never worked with the transmitter that caused his injury, had never inspected it, was not charged with the duty of inspecting it and says that he did not know that the screws designed to hold the panel within the frame had not been tightened, or screwed into the frame, as they should have been. While he was responsible for the equipment that he was required to operate, the evidence is that he was not required to operate the transmitter that caused his injury and was under strict orders never to use it except in an emergency and then only under direct orders from the captain. At the time of his injury, he was sitting with his back to this cabinet working with another transmitter, when the motion of the vessel, due to a violent storm described by some of the witnesses as a hurricane, caused the panel to fall open and the heavy transmitter weighing some two hundred pounds to strike him on the head and inflict injuries which were painful and which there is evidence tending to show were of serious character.

After the accident it was found that the set screws would not fit into the holes in the frame which had been prepared for them; but there was evidence that this was caused by the strain upon the panel or shelf when it fell open. The trial judge accepted this evidence as establishing the fact and we cannot say that his finding with regard thereto is wrong. If it is accepted, however, there is no escaping the conclusion that there was negligence in not tightening the set screws either on the part of those who installed the cabinet or on the part of the employees of the vessel who handled the cabinet afterwards. As libellant was not one of these, it necessarily follows that his injury was caused by negligence for which the owner and operator of the vessel were responsible. If there was negligence in failing to set the screws when the cabinet was installed, this was negligence in failing to use due care to make reasonably safe the place where libellant was required to work. If the screws were properly set initially but there was failure to tighten them by some other employee after use of the cabinet, this was negligence for which there was responsibility under the Jones Act, which adopts the provisions of the Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq. Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082; The Arizona 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; Jacob v. City of New York, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166; Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.

It may be that the libellant was guilty of contributory negligence in failing to discover that the set screws had not been tightened and in not tightening them himself; but on the record before us it cannot be said that he was guilty of negligence which was the sole cause of his injury. If there was contributory negligence on his part, this is a matter to be considered in reduction of damages. We shall not deter-

mine that matter at this time but shall remand the entire case to the District Court for assessment of damages and for the determination of the issues presented with respect to the liability, if any, of the Radiomarine Corporation of America.

Reversed and remanded.