**DAYTON v. MIDLAND S. S. LINES, Inc.**

Civ. No. 5471.

United States District Court
W. D. New York.

Feb. 5, 1953.

S. Eldridge Sampliner, Cleveland, Ohio (Charles R. Sandler, Buffalo, N. Y., of counsel), for plaintiff.

Russell V. Bleecker, Cleveland, Ohio (N. John Thomas, Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

At the trial of this action a jury was drawn, sworn and thereafter waived, and trial was had before the Court.

On June 2, 1952, plaintiff was employed by defendant as an oiler on the Steamer John W. Davin. While in the pursuance of orders of the engineer, plaintiff was assisting in the hauling of a barrel of oil through the gangway and was caused to strike the left side of his body against a steel pipe vise, sustaining the injuries for which he seeks to recover damages in this suit.

In the first place this plaintiff had been employed as a seaman for at least ten years. He knew that this pipe vise, which was securely attached, was located at the place where the injuries claimed to have been sustained by plaintiff were caused. This vise was a permanent structure on the steamer and was plainly visible to plaintiff. While it is admitted that plaintiff came in contact with the pipe vise, it is claimed by defendant that any injury sustained by plaintiff was sustained without fault of the defendant. Assumption of risk is not a defense in maritime cases. Feliu v. Grace Line, D.C., 97 F.Supp. 441. A seaman is bound to work with the equipment and appliances furnished by the employer. It is the duty of the shipowner or master, as the case may be, to supply a seaworthy vessel for its employees and this does not depend on the exercise of reasonable care, but is absolute. The H. A. Scandrett, 2 Cir., 87 F.2d 708; Koehler v. United States, D.C., 103 F.Supp. 4, 6.

Irrespective of any unseaworthiness of the vessel, or any defects of the ways, works and machinery, it is believed, under the authorities, Beadle v. Spencer, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082 and Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265, some liability must be charged against the defendant. Since plaintiff does not assume any risk of his employment, under the Jones Act, 46 U.S.C.A. § 688, the damages must be based on comparative negligence of the plaintiff and defendant. As matter of fact, the injuries, in the opinion of the Court,

420

were caused by the negligence of the plaintiff. The theory of this decision is that in a case under the Jones Act there is no assumption of risk and in every instance of liability the damages must be assessed on a comparative basis. In this case there is nothing to show active participation in the damage by defendant. Any part of the damages then which may be said to be assessed to the defendant, the comparative part of the damages to be so assessed, must be comparatively small. As matter of fact the real amount of the damages sustained is difficult to determine. Plaintiff by his own testimony seems to have been at work as a seaman the greater portion of the time from the date of the claimed injury up to the time this action was brought. Proof of damages is largely based upon the testimony of the plaintiff. We have no physical examination here or anything to show the extent of the injuries sustained or whether there is any permanency, and the proof of pain and suffering depends solely on plaintiff's testimony.

As to maintenance and cure the allowance of thirty-five days at six dollars a day, under the proof and circumstances shown here, is ample.

It is found that plaintiff acted without proper regard for his own safety and that his negligence contributed to his injuries. In accordance with the admiralty rule of comparative negligence, the measure of recovery to which plaintiff would otherwise be entitled will be reduced by seventy-five per cent. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431, 59 S.Ct. 262, 83 L.Ed. 265; Palardy v. United States, D.C., 102 F. Supp. 534, 539, Bochantin v. Inland Waterways Corp., D.C., 96 F.Supp. 234; Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515, 519; Hawn v. Pope & Talbot, Inc., D.C., 99 F.Supp. 226. The amount of plaintiff's damage for injuries, as so reduced, is fixed at five hundred dollars.

Let plaintiff have judgment against the defendant for $210 for maintenance and cure, and $500 for injuries.

Findings to be submitted.