Vincent **KLIMASZEWSKI**

v.

**PACIFIC-ATLANTIC STEAMSHIP CO.,**
**Inc., Appellant,**

**JARKA CORPORATION OF PHILADEL-**
**PHIA, Third-party Defendant.**

**No. 12111.**

United States Court of Appeals
Third Circuit.

Argued June 7, 1957.

Decided July 29, 1957.

T. E. Byrne, Jr., Philadelphia, Pa. (Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellant.

Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy and Lorry, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

Plaintiff Klimaszewski sued the Pacific-Atlantic Steamship Company, Inc. for injuries sustained in an accident which took place during the loading of the defendant's vessel, the "Jeremiah S. Black," at a pier in Philadelphia on May 2, 1952. Klimaszewski was a longshoreman employed by the Jarka Corporation of Philadelphia, a stevedoring contractor. He was a member of a group of men who were working on a barge. On this barge were four piles of steel beams 45 feet to 50 feet in length and weighing about one ton each. The men on the barge, following a routine for each load, chained several of the beams together after which they were hoisted from the barge by means of two winches, swung over one of the hatch openings in the vessel and then lowered into the hold. The operation had proceeded for a substantial part of a working day when one of the cables which pulled up the load slipped causing the bundle of beams to swing out of its usual course. The plaintiff was struck by the swinging draft and badly hurt.

Klimaszewski recovered a verdict in the trial court and the defendant appeals. Since the verdict was in plaintiff's favor we may take it, and the defendant concedes, that there was evidence from which it could have been found that the cause of the slipping cable and therefore the accident, was a loose becket or bolt in the winch to which the cable had been fastened. The winch was part of the ship's equipment.

The plaintiff's case was based upon the two usual claims: (1) unseaworthiness, and (2) negligence.

The jury was given a series of specific interrogatories to answer. One of the answers exonerated the plaintiff's employer, Jarka Corporation, from any carelessness. Jarka, which had been joined by defendant as a third-party defendant, is therefore, out of the case at this time. Other interrogatories put directly to the jury the questions of seaworthiness and negligence in these words:

"Did the plaintiff sustain injuries which were caused either in whole or in part by—

"(a) any failure of the defendant to provide plaintiff with a safe and seaworthy vessel and safe appurtenances, equipment or appliances, and to keep them in a safe and seaworthy condition?

"(b) any negligence on the part of any of the officers, agents or employees of the defendant?"

The jury answered both of these questions in the affirmative thus finding both unseaworthiness and negligence.

■ We do not have any doubt that on these facts and on this finding a case of liability is made out. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, extended protection from injuries due to unseaworthiness to longshoremen in the course of unloading a vessel. This case does not take us one inch further than that because here the job being done was loading the ship. It is almost precisely like Alaska S.S. Co. v. Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming per curiam, 9 Cir., 1953, 205 F. 2d 478. In both Petterson and this case that which caused the injury was a piece of ship's equipment. But in the Petterson case the court had to go further than we do here because the block which broke may have been brought on by a stevedoring company and made a part of ship's equipment by incorporation, according to the court. Our own decision in Gindville v. American-Hawaiian S.S. Co., 3 Cir., 1955, 224 F.2d 746, is likewise in point, although there we had to consider a more difficult question than here, namely, what constituted unseaworthiness. There the unseaworthiness consisted in improper stowing of the cargo. Here it is part of the regular loading equipment.

The district judge gave an instruction on "unseaworthiness" which appellant's counsel concedes was correct as between the ship and a seaman. He says, however, it is inapplicable to a longshoreman. The cases which we have just cited prove the contrary.

■ The appellant complains about the court's instruction on assumption of risk. This question need not trouble us either. As in Gindville, we say here that one need only refer back to Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265, to get the rule with regard to the application of the doctrines of assumption of risk and contributory negligence in a maritime case. The extension of the rule stated in the Socony-Vacuum case to longshoremen is shown in Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, and the Gindville case, supra. The new decision of the Sixth Circuit in Imperial Oil, Ltd. v. Drlik, 234 F.2d 4, certiorari denied, 1956, 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 236, is squarely in point with just about every issue raised in this case. A longshoreman does not assume the risk of negligence or unseaworthiness and this is so whether his action is based on negligence or unseaworthiness.

■ Defendant also complains, without merit, of a charge that a longshoreman does not assume the risk involved in obeying orders. A seaman does not assume that risk. Darlington v. National Bulk Carriers, Inc., 2 Cir., 1946, 157 F.2d 817; Reskin v. Minnesota-Atlantic Transit Co., 2 Cir., 1939, 107 F.2d 743; Kangadis v. United States, D.C.S.D.N.Y. 1954, 121 F.Supp. 842. To hold a longshoreman completely barred because he voluntarily obeyed a dangerous order would be inconsistent with the recent trend assimilating the rights of longshoremen to those of seamen. At most, unwarranted obedience to an obviously dangerous order would be negligence which would mitigate damages. Compare Haddock v. North Atlantic & Gulf S.S. Co., D.C.D.Md.1948, 81 F.Supp. 421, with Darlington v. National Bulk Car-

riers, Inc., supra, and Kangadis v. United States, supra. Defendant makes no complaint about the trial court's comparative negligence charge.

■ It may be admitted that there is some semantic confusion in the term "assumption of risk" and its use should be avoided in jury charges. Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 72, 63 S.Ct. 444, 87 L.Ed. 610 (concurring opinion of Frankfurter, J.); Texas & P. Ry. Co. v. Buckles, 5 Cir., 232 F.2d 257, certiorari denied, 1956, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498. Of course a seaman working on a fit and seaworthy vessel assumes some risks. He may get very unpleasantly seasick and be laid up for days. He may lose his balance and be injured if the ship tosses in rough seas. Repsholdt v. United States, 7 Cir., 1953, 205 F.2d 852; Lake v. Standard Fruit & S.S. Co., 2 Cir., 1950, 185 F.2d 354. See also Boudoin v. Lykes Bros. S.S. Co., 1955, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354, and Roberts v. United Fisheries Vessels Co., 1 Cir., 141 F.2d 288, certiorari denied, 1944, 323 U.S. 753, 65 S.Ct. 81, 89 L.Ed. 603. In nearly every occupation there is some inherent and unavoidable risk which does not arise out of negligence or defective equipment. A seaman, a longshoreman, a lawyer or a judge must assume these risks when he enters upon his calling. But seamen and longshoremen do not assume the types of risks which caused injury to plaintiff in this case, namely, negligence of another or a vessel which is unseaworthy.

■ The appellant complains of the failure of the trial judge to give certain instructions. Several of them were to the effect that the jury could consider the fact that defendant had surrendered control of the vessel to a reliable stevedoring contractor. Feinman v. A. H. Bull S.S. Co., 3 Cir., 1954, 216 F.2d 393, and Brabazon v. Belships Co., 3 Cir., 1953, 202 F.2d 904, are cited. The requested charge was clearly erroneous in so far as plaintiff's action was based on unseaworthiness. Alaska S.S. Co. v.

Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming per curiam, 9 Cir., 1953, 205 F.2d 478; Rogers v. United States Lines, 1954, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120, reversing per curiam, 3 Cir., 1953, 205 F.2d 57. Since the special jury finding of unseaworthiness is sufficient to support the judgment, defendant could not have been prejudiced by the failure to charge as requested. Everything correct in the other requests was substantially covered by the charge given or in the nature of comments on the evidence which the court could refuse. The charge of the court was very comprehensive. One mistake was made when the case was described as one under the Jones Act, 46 U.S.C.A. § 688. But the court quickly corrected this mistake. We find nothing in the charge which would mislead the jury. We think that this body had well presented to it what the case involved and were compelled to meet the issue by giving specific answers to specific questions.

The judgment of the district court will be affirmed.