**Vaino Edward FONSELL, Plaintiff,**
v.
**NEW YORK DOCK RAILWAY, Defendant.**
Civ. No. 61-C-486.

United States District Court
E. D. New York.
Oct. 5, 1961.

Schwartz & O'Connell, New York City, for plaintiff. Donald E. Klein, New York City, of counsel.

Purdy, Lamb & Cattogio, New York City, for defendant. Edmund F. Lamb, New York City, of counsel.

ZAVATT, District Judge.

The plaintiff, a seaman aboard the tug Brooklyn, owned by the defendant, has instituted this action to recover for personal injuries allegedly sustained on March 20, 1961 while he was employed as a member of the crew. His "First Cause of Action" is brought under the Jones Act, 46 U.S.C.A. § 688. His "Second Cause of Action" alleges the unseaworthiness of the Brooklyn. The answer denies all of the material allegations of the complaint and pleads three separate affirmative defenses. The first two such appear to relate to both of the plaintiff's claims because the third affirmative defense, by its terms, relates only to the second cause of action based upon alleged unseaworthiness of the vessel.

The first two affirmative defenses to both causes of action allege:

For a Separate and Complete Defense

"Tenth: That any injury sustained by the plaintiff at the time and on the occasion referred to in the complaint was caused and occasioned solely and wholly through the fault, neglect and want of care of the plaintiff *and by his assumption of open, obvious and apparent risks.*"

For a Partial Defense

"Eleventh: That any injury sustained by the plaintiff at the time and on the occasion referred to in the complaint was contributed to by the fault, neglect and want of care of the plaintiff *and by his assump-*

*tion of open, obvious and apparent risks.*"

The third affirmative defense pleads lack of jurisdiction as to the unseaworthiness claim because both parties are citizens of New York State. This defense was disposed of when defendant's motion to dismiss the unseaworthiness claim was denied by Judge Frederick van Pelt Bryan of the United States District Court for the Southern District of New York and the case transferred to this court by an order dated June 23, 1961.

The plaintiff moves, pursuant to Fed. R.Civ.P. 12(f), 28 U.S.C.A., to strike from the first two affirmative defenses those portions thereof italicized above; plaintiff contends that the defendant is pleading assumption of risk as a complete and as a partial defense to both of his claims; that such a defense is not a proper defense and that, in any event, the objected to language is redundant. The defendant has submitted a memorandum in opposition to this motion. It is not clear from this memorandum whether the defendant, by the italicized language, is particularizing the plaintiff's alleged sole or contributory negligence or whether the defendant is contending that there is an area in which assumption of risk is a partial defense to one or both of the plaintiff's claims. Both the answer and the memorandum produce that "semantic confusion in the term 'assumption of risk'" commented upon by the court in Klimaszewski v. Pacific-Atlantic S.S. Co., 3 Cir., 246 F.2d 875, 877, cited by the defendant, and justifies the recommendation of the court in that case that "its use should be avoided in jury charges."

In view of the uncertainty created by these affirmative defenses, as supplemented by the defendant's memorandum of law, it is appropriate to consider them from the two standpoints raised by the plaintiff, i. e., whether, assuming they do plead assumption of risk, they are proper as a complete or a partial defense to each claim and whether, assuming they merely particularize alleged

negligence, the language objected to by the plaintiff is redundant.

### Assumption of Risk—Generally

Assumption of risk as a defense was a rule created judicially in response to the need to maximize the protection of employers during the early stages of the industrial revolution. It was a complete defense which operated to relieve an employer of liability engendered by his acts of negligence in situations where the plaintiff voluntarily encountered obvious dangers and was injured as a result thereof. The doctrine required knowledge and appreciation of the risk and a voluntary choice to encounter it. Prosser, Torts § 55 (2d ed. 1955). The sharp limitations of this doctrine upon the rights of employees led in England to the enactment of the Employers' Liability Act of 1880 and, ultimately, to the English Workmen's Compensation Act, 60 & Vict. C.37 (1897) and, in this country, to workmen's compensation acts at both the state and federal levels. Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. The United States accepted the assumption of risk doctrine as applied to railway workers in 1879, Hough v. Texas & P. R. Co., 100 U.S. 213, 25 L.Ed. 612, on the theory that an agreement to assume the risk was implicit in the contract of employment. Prior to the enactment of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, 35 Stat. 65 (1908), amended 53 Stat. 1404 (1939), the doc-

trine was firmly established and was justified upon the grounds that the contract of employment took into account the amount of risk involved and that the employee had freedom to quit his job at any time.

The F.E.L.A., in its original form, eliminated the defense of assumption of risk in only one situation, i. e., where the violation by the employer of a safety statute, enacted for the protection of employees covered by the Act, had a causal relation to the injury sustained by a plaintiff employee.[1] This language implied that the common law defense of assumption of risk continued in all other cases. It was so held in Seaboard Air Line R. Co. v. Horton, 1914, 233 U.S. 492, 504, 34 S.Ct. 635, 58 L.Ed. 1062. In 1920 Congress enacted the Jones Act, 46 U.S.C.A. § 688 [2] which incorporated the provisions of the F.E.L.A. and made them applicable to suits by seamen brought under the Jones Act, Gilmore & Black, Admiralty 250, 251, 279–315 (1957). This gave seamen their first right to sue their employers for negligence. Gilmore & Black, supra at 279–82. Of course, seamen previously and subsequently had the right to sue an employer for injuries sustained due in whole or in part to the unseaworthiness of the employer's vessel.

When seamen were granted by the Jones Act the right to sue an employer for negligence, the question arose as to whether assumption of risk was a valid

1. The statute states:
"In any action brought against any common carrier under or by virtue of any of the provisions of this Act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

2. 46 U.S.C.A. § 688 provides that:
"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of

trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

defense in cases in which the seaman's injuries were not causally related to a violation by the employer of a safety statute enacted for the protection of such employees. This question was answered by the Supreme Court in The Arizona v. Anelich, 1936, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075 and Beadle v. Spencer, 1936, 298 U.S. 124, 56 S.Ct. 712, 80 L.Ed. 1082 at a time when the F.E.L.A. was in the form set forth in note 1, supra. Mr. Justice Stone, speaking for the court, viewed the Jones Act as Maritime Law to be integrated into the traditional framework of that body of law. Reasoning from the lack of recognition of assumption of risk as a defense in unseaworthiness cases, he concluded that assumption of risk had no application to Jones Act cases. It is to be noted that, in The Arizona and Beadle, assumption of risk had been pleaded only as a complete defense. The defendants in those cases did not plead it as a partial defense. The holdings of these two cases, therefore, were that assumption of risk was not, as claimed, a complete defense in Jones Act cases. The Arizona, supra, 298 U.S. at pages 111–112, 56 S.Ct. at page 708; Robinson, Admiralty, 313–15 (1939). Prior to Tiller and the 1939 amendment of F.E.L.A., The Supreme Court dealt with the availability of assumption of risk in a Jones Act case which did not involve violation of a safety statute but, rather, use by a seaman of an unsafe appliance despite the availability and the seaman's knowledge of the availability of a safe appliance. Again it was Mr. Justice Stone who, speaking for the court, relied upon the reasoning in The Arizona, supra; stressed the liberal construction of the Jones Act and the status of seamen as wards of admiralty and rejected the claimed complete defense of

assumption of risk. Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265. See Norris, Maritime Personal Injury Cases § 40 (1959). No case has been cited to this court, nor has independent research revealed one in which assumption of risk has been pleaded as a partial defense in a Jones Act case or in an unseaworthiness case. The court has found, however, dictum in Blankenship v. Ellerman's Wilson Line, 4 Cir., 1959, 265 F.2d 455, 459. There an employee of an independent contractor, injured while aboard the defendant's vessel, sued the owner of the vessel under the doctrine of unseaworthiness and negligence. The trial judge submitted to the jury at the request of the defendant the question whether the accident was the result of risks or hazards which the plaintiff voluntarily assumed. Judgment for the defendant was reversed on several grounds including this erroneous charge because " * * * it is clearly established that assumption of the risk is no defense to unseaworthiness." The reasoning of The Supreme Court in The Arizona, supra, and Beadle, supra, would seem to be equally applicable to a partial defense of assumption of risk in either a Jones Act or an unseaworthiness case, even prior to the 1939 amendment of the F.E.L.A.

In 1939 Congress amended the F.E.L.A. by removing assumption of risk as a defense in all suits brought under the F.E.L.A. And since that Act is incorporated into the Jones Act, this amendment likewise removed this defense in all suits brought under the Jones Act.[3] Although the language of this amendment was clear, the Supreme Court made it crystal clear, in Tiller v. Atlantic Coast Line R. Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610 that the

---

**3.** 45 U.S.C.A. § 54 states:

"In any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case *where such injury or death resulted in*

*whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case* where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

defense of assumption of risk was thereby completely abolished in all cases under the F.E.L.A. and that thenceforth the guiding principle in such cases was to be comparative negligence. See Edelman, Maritime Injury and Death 63–65 (1960).

The extensive discussion by Mr. Justice Stone in The Arizona and Socony-Vacuum cases of assumption of risk in unseaworthiness cases and his use of its rejection in that type of case as a basis for its rejection in Jones Act cases makes it highly unlikely that any court would today find it to be a good complete defense in a maritime injury claim based on unseaworthiness. The view of the textwriters is that the reasoning of The Arizona and Socony-Vacuum cases clearly extends to unseaworthiness, see Norris, op. cit. supra at 99–100; Robinson, op. cit. supra at 315. The cases which have considered the point have reached a like conclusion, e. g., Dixon v. United States, 2 Cir., 1955, 219 F.2d 10; Hildebrand v. United States, D.C. S.D.N.Y.1954, 134 F.Supp. 514, affirmed 2 Cir., 1955, 226 F.2d 215; Mormino v. Leon Hess, Inc., D.C.S.D.N.Y.1953, 119 F.Supp. 314, affirmed 2 Cir., 1954, 210 F.2d 831.

We are presented here with the novel contention that the spectre of assumption of risk is to be revivified for the purpose of serving as a partial defense. The controlling statute, the F.E.L.A., provides that assumption of risk is eliminated as a defense: "* * * in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *." 45 U. S.C.A. § 54. There is no authorization for assumption of risk as a partial defense, although in the case of contributory negligence, 45 U.S.C.A. § 53, there is direct statutory authorization for mitigation of damages: "* * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."

In dealing with this problem we are fortunate in having the opinion of Mr. Justice Stone in Socony-Vacuum, supra, in which it was explicitly stated that the choosing of a defective appliance really involves comparative negligence, not an outmoded doctrine of assumption of risk, Edelman, op. cit. supra at 223. The language of the opinion would appear to be dispositive of the contention that assumption of risk is a valid partial defense in an unseaworthiness case.

"Any rule of assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence and in harmony with it. Under that doctrine contributory negligence, however gross, is not a bar to recovery but only mitigates damages. There being no defense of assumption of risk where the seaman is without opportunity to use a safe appliance, it seems plain that his choice of a defective instead of a safe one, resulting in injury, does not differ in either the quality of the act or its injurious consequences, in any practical way, from his correspondingly negligent use of a safe or unsafe appliance, where its use has contributed to an injury resulting from a breach of duty by the owner. * * In either case the seaman's negligence is a contributing cause of his injury, without which the ship owner would be liable to the full extent of the damage.

"The incongruity and practical embarrassment in the application of a rule that the negligence in the one case bars recovery, while that in the other only reduces * * * damages, are evident. The common law is consistent in holding that both contributory negligence and assumption of risk are defenses. But other considerations apart, it seems inconsistent, and an impractical re-

finement, to apply the rule [of law] for which petitioner contends in a system of law which maintains the comparative negligence rule to the fullest extent. This was recognized in Olson v. Flavel [34 F. 477 (D.C. Or.1888)], * * * and The Julia Fowler [49 F. 277 (D.C.S.D.N.Y. 1892)] * * * where the choice by the seaman of an unsafe appliance was held not to bar recovery but to be a proper basis for a substantial reduction of damages because of the negligence of the choice. In The Julia Fowler, supra, the eminent admiralty judge, Addison Brown, held that a seaman who had suffered injury through the deliberate use of a halliard known to be defectively spliced when a sound rope was available was entitled to recover, but with diminution of damages because of his negligence in using the unsafe rope.

"We think that the consistent development of the maritime law in conformity to its traditional policy of affording adequate protection to seamen through an exaction of a high degree of responsibility of owners for the seaworthiness of vessels and the safety of their appliances will be best served by applying the rule of comparative negligence, rather than that of assumption of risk, to the seaman who makes use of a defective appliance knowing that a safe one is available." [305 U.S. 424, 59 S.Ct. 266.]

The entire tenor of Mr. Justice Stone's opinion, coupled with the interpretation given to the assumption of risk section of the F.E.L.A. in the Tiller case—to the effect that Congress clearly intended to make comparative negligence the guiding principle in accident cases under the F.E.L.A.—leads to the conclusion that a finding that assumption of risk per se survives as a partial defense would be unfounded. Rather the factors formerly relevant in determining assumption of risk are now relevant only insofar as

they tend to establish contributory negligence on the part of the plaintiff.

In view of the foregoing, the language in the first two affirmative defenses objected to by the plaintiff should be stricken as insufficient. If, as plaintiff appears to argue, this language is intended only to particularize the plaintiff's alleged negligence, it falls far short of the claim made for it, i. e., that it is designed "to apprise one's adversary of one's contentions in order to avoid surprise upon the trial." Rather it is language which creates semantic confusion and should be avoided. Klimaszewski v. Pacific-Atlantic S.S. Co., supra. If the defendant is pleading plaintiff's negligence as a complete or a partial defense, the language is redundant and should be stricken. Fed.R.Civ.P. 12(f).

The plaintiff's motion is granted. Settle an order on or before ten days from the date hereof.