Joseph D. RADISICH, Plaintiff,

v.

WESTFAL LARSEN & COMPANY, A/S,
a corporation, and Interocean Line, a
corporation, Defendants.

WESTFAL LARSEN & COMPANY, A/S,
a corporation, Third-Party Plaintiff,

v.

CRESCENT WHARF AND WARE-
HOUSE COMPANY, a corporation,
Third-Party Defendant.

No. 62–1307.

United States District Court
S. D. California,
Central Division.

April 14, 1964.

---

Margolis & McTernan, Los Angeles, Cal., for libelant.

Robert Sikes, Los Angeles, Cal., for third party defendant.

Lillick, Geary, McHose & Roethke, by William H. Brainerd, Los Angeles, Cal., for respondent.

CRARY, District Judge.

Plaintiff, a longshoreman, seeks damages for injury to lower back resulting from fall, August 11, 1962, on the lower deck in the hold of MS BRANDANGER caused by slipping on rapeseed or grain which was scattered on the deck in the area of automobiles which plaintiff was engaged in discharging. Defendants state that plaintiff's employer, Crescent Wharf and Warehouse Company, third party defendant, has been dismissed from the action by the third party plaintiff. The order dismissing said third party defendant was signed April 3, 1964, and entered April 8, 1964.

Plaintiff testified that as a result of the injury he was off work from August 11, 1962, to August 27, 1962, and for about a month prior to March 14, 1963. He also stated he lost a day's work occasionally by reason of inability to do the work available because of his back condition. His time book, which covers the period from March 18, 1963, to March 15, 1964, (Deft.'s Ex. D), indicates he claims inability to work during that period of fifty-two weeks on about twenty-five different days.

Plaintiff's symptoms of injury are almost entirely subjective. His doctor, Dr. Gagnon, indicates in his reports (Pltf.'s Ex. 6) that he believes as of July, 1963, that permanent disability will probably remain in the form of minimal or slight chronic back discomfort. Dr. Bateman, for the plaintiff, testified he did not know just when the back condition could be expected to clear, possibly five years, seven years, may be permanent. Dr. Murphy, called by the defendants, was firm in his opinion that the injury was not permanent and would clear up in a matter of months following the trial.

Plaintiff is a "bookman" longshoreman and testified that about fifty per cent of the work he does is "heavy work." He stated that he saw seeds or grain scattered on the lower deck in the hold just before lunch on August 11th and asked the hatch boss, his immediate superior, for a broom to sweep them up. On returning from lunch he was told by the hatch boss that no broom was available and for him to "get down there and go to work" or words to that effect. This testimony is corroborated by plaintiff's partner, Mr. Madrieda, and was uncontradicted.

■ Without elaborating on the point, the court finds from the facts set forth above that the ship here involved was unseaworthy. It is well established that the rule re assumption of risk does not apply to stevedores. See Klimaszewski v. Pacific Atlantic Steamship Co., 246 F.2d 875 at 877–878 (3rd Cir. 1957), and cases there cited.

■ It is agreed by the parties that if plaintiff was contributorily negligent then any Judgment should be reduced proportionately. Determination of negligence on the part of the plaintiff will depend on whether he took due care or failed to do what a reasonable and prudent man would ordinarily have done in the circumstances. In Santomarco v. U. S., 277 F.2d 255 at 257 (2nd Cir. 1960), the court quotes Justice Holmes as follows:

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not."

On the same page of the opinion, the court quotes from Wabash Railway Co. v. McDaniels, 107 U.S. 454 at 460, 2 S.Ct. 932, at 937, 27 L.Ed. 605, as follows:

"Ordinary care, then * * * implies the exercise of reasonable diligence, and reasonable diligence implies, as between the employer and employe, such watchfulness, caution, and foresight as, under all the circumstances of the particular service, a corporation controlled by careful, prudent officers ought to exercise."

In the Santomarco case, the longshoreman there involved slipped on some oil on the deck. The court found the oil was evident to the employee of the stevedore company and that he did not call attention of any ship's officer to the oil or ask to have it wiped up nor did he wipe up the oil himself. The stevedore company was held liable for recovery of the longshoreman against the government. Failure to report the presence of oil or act to remove it was held to have been contributory negligence on the part of the longshoreman.

■ The hatch boss in the case at bar was the one exercising authority over plaintiff in the unloading of the ship. Having in mind the facts and circumstances here involved, the court concludes that the plaintiff was not guilty of con-

tributory negligence. See also United States v. Harrison, 245 F.2d 911 at 913–915 (9 Cir.).

Referring again to the statement of plaintiff to the hatch boss, and the statement of the hatch boss re no broom, and so forth, noted hereinabove, defendants objected to the conversation on the grounds of hearsay. Plaintiff urged that the conversation was admissible not to establish the truth of the statements by the hatch boss but as evidence of the fact that a broom was refused, that is, to prove whether certain things were said and not the truth thereof. It is also to be noted that the plaintiff's partner heard and testified as to the conversation between plaintiff and the hatch boss re the broom. It would therefore appear he was a witness to a fact known by him and his testimony as to such verbal and operative facts is not hearsay. N.L.R.B. v. Tex-Tan, Inc., 318 F.2d 472 at 483–484 (5th Cir. 1963).

Further comment should be made re plaintiff's time book (Deft.'s Ex. D). Plaintiff's counsel argued that plaintiff lost an average of one day per week by reason of his back injury. The said Exhibit evidences some forty-five days of work which, according to plaintiff's testimony, should be connected to the back injury, but the notes in the time book specifically refer to "back" or visit to doctor on only about twenty-five days during the year there concerned.

The court concludes that plaintiff, JOSEPH D. RADISICH, is entitled to judgment against the defendants in the total sum of $5,338.55, of which $3,238.55 consists of damages before trial, together with future damages, including future loss of wages and medical care, in the sum of $2,100.00.

Counsel for plaintiff is requested to prepare, serve and lodge proposed Findings of Fact, Conclusions of Law and Judgment on behalf of plaintiff in accordance with Rule 7 of Local Rules, West's Ann.Code, having in mind that the judgment shall be a *separate* document.

This memorandum is not to be considered as a final judgment.