**Peter W. KELLEY, Plaintiff,**

v.

**A. H. BULL STEAMSHIP COMPANY, Defendant and Third-Party Plaintiff (Jarka Corporation of New England, Third-Party Defendant).**

**Civ. No. 5-34.**

United States District Court
D. Maine, S. D.
March 19, 1958.

Nathan Greenberg, Boston, Mass., for plaintiff.

Kirlin, Campbell & Keating, New York City, Benjamin Thompson, Forrest E. Richardson, Portland, Me., for defendants.

GIGNOUX, District Judge.

The principal action is brought to recover damages under the General Maritime Law for injuries allegedly sustained by plaintiff on March 4, 1955 aboard defendant's vessel Arlyn at Portland, Maine. At the time of the accident, plaintiff was working as a longshoreman in the employ of the third-party defendant which was then engaged in unloading defendant's vessel pursuant to contract. The injuries are alleged to have occurred while plaintiff was descending a steel ladder in No. 2 hold on defendant's vessel when the ladder broke from its moorings causing plaintiff to fall over thirty feet to the bottom of the hold.

The complaint contains the two usual counts: the first based on negligence, the second on unseaworthiness. By its answer, defendant has raised, as a complete and absolute defense, plaintiff's alleged assumption of risk. On February 12, 1957 plaintiff filed a motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to strike as

an insufficient defense that portion of defendant's answer which pertained to the defense of assumption of risk. At a pre-trial conference held on December 31, 1957 the parties agreed that the Court should rule upon this motion prior to trial.

Assumption of risk is not a defense to a suit by a longshoreman against the owner of a vessel for injuries sustained in the course of unloading the vessel, and this is so whether the action is based on negligence or unseaworthiness. It has been expressly so held by the Courts of Appeals for the Third and Sixth Circuits in Klimaszewski v. Pacific-Atlantic Steamship Co., 3 Cir., 1957, 246 F.2d 875 and Imperial Oil, Limited v. Drlik, 6 Cir., 1956, 234 F.2d 4, certiorari denied 1956, 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 236. See also Fodera v. Booth American Shipping Corp., 2 Cir., 1947, 159 F.2d 795. No contrary authority has been called to this Court's attention. In fact, this conclusion is compelled by the rationale of Socony-Vacuum Oil Co. v. Smith, 1939, 305 U.S. 424, 428–429, 59 S.Ct. 262, 83 L.Ed. 265, and The Arizona v. Anelich, 1936, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075, in which the Supreme Court has held that assumption of risk is not a defense to a seaman's action based on unseaworthiness or on negligence, and by the more recent rulings of the Supreme Court apparently eliminating the distinction between seamen, and stevedores, longshoremen, ship repairmen and others doing a seaman's work, even though not technically employed by the owner of the vessel as seamen. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Alaska Steamship Co. v. Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Palermo v. Luckenbach Steamship Co., Inc., 1957, 355 U.S. 20, 78 S.Ct. 1, 2 L. Ed.2d 3.

Plaintiff's motion to strike is granted and the defense of assumption of risk is stricken.